IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC. and CADENCE DESIGN SYSTEMS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>BELL SEMICONDUCTOR, LLC, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>C.A. No. 1:22-cv-01512-CFC |

**JOINT CLAIM CONSTRUCTION CHART**

Pursuant to the Court's Scheduling Order dated May 8, 2023 (D.I. 73, ¶15), Plaintiffs SYNOPSYS, INC. and CADENCE DESIGN SYSTEMS, INC., ("Plaintiffs"), and together with Defendant BELL SEMICONDUCTOR, LLC ("Bell Semic"), through their counsel, respectively submit the following Joint Claim Construction Chart for U.S. Patent No. 7,231,626 ("the '626 patent") and U.S. Patent No. 7,260,803 ("the '803 patent"). Copies of the '626 patent and the '803 patent are attached as Exhibits A-B.

The parties' citations to the intrinsic evidence below are intended to be exemplary. Cited passages are intended to include all figures and tables referenced or contained therein, whether specifically identified or not. The parties reserve the right to rely on additional intrinsic evidence to the extent it is necessary to provide

additional context or to rebut arguments made during claim construction briefing or to rely on analogous passages in other relevant asserted patents or prosecution histories. Each side further reserves the right to rely on or address any intrinsic evidence identified by the other side. The parties further reserve the right to rely on extrinsic evidence.

Plaintiffs separately contend that a number of claim terms in the '626 patent and the '803 patent render the claims of the '626 patent and the '803 patent indefinite. Plaintiffs understand that it is not the Court's typical practice to address invalidity issues related to 35 U.S.C. § 112, including indefiniteness, at the claim construction stage. Plaintiffs do not waive and expressly reserve their rights to advance their indefiniteness arguments at a time the Court deems appropriate.

**A. Terms In Dispute**

| Claim Terms | Bell Semic's Proposed Constructions | Plaintiffs' Proposed Constructions |
|---|---|---|
| an integrated circuit design<br><br>'626 patent, claims 1-8 | No construction necessary<br><br>'626 patent: 1–8 | "a description of circuitry"<br><br>*Intrinsic Evidence Citations:*<br>'626 patent at 2:36-52, 2:62-3:2, 3:16-24, 3:50-56, 5:14-37, FIG. 1, FIG. 2, FIG. 4, FIG. 5, claims 1-8; 11/6/2006 Non-Final Office Action (Exhibit C) (BELLSEMIC000272-279 at -275) |

| Preamble<br><br>'803 patent, claims 1, 12 | Preamble is not limiting<br><br>'803 patent: 1, 12 | Entirety of preamble is limiting<br><br>*Intrinsic Evidence Citations:*<br>'803 patent at claims 1, 12 |
|---|---|---|
| dummy metal/ dummy metal objects<br><br>'803 patent, claims 1-8, 10-19, 21-2 | No construction necessary<br><br>'803 patent: 1–8, 10–19, 21–22 | "electrically nonfunctioning metal shapes"<br><br>*Intrinsic Evidence Citations:*<br>'803 patent at 1:20-41, 2:56-58, 3:35-40, claims 1-8, 10-19, 21-22 |
| dummy fill tool<br><br>'803 patent, claims 1, 12 | No construction necessary<br><br>'803 patent: 1, 12 | "a tool that inserts dummy metal into portions of the design where the interconnect density does not meet the minimum density"<br><br>*Intrinsic Evidence Citations:*<br>'803 patent at 1:32-42, 2:20-22, 2:60-65, 3:12-27, 4:13-17, 4:22-34, 4:48-56, claims 1, 12 |
| dummy metal insertion<br><br>'803 patent, claims 1, 12 | No construction necessary<br><br>'803 patent: 1, 12 | "inserting dummy metal if the interconnect density does not meet the minimum density"<br><br>*Intrinsic Evidence Citations:*<br>'803 patent at 1:32-42, 2:20-22, 2:60-65, 3:12-27, 4:13-17, 4:22-34, 4:48-56, claims 1, 12 |

| | | |
|---|---|---|
| modified rule check<br><br>'803 patent, claims 10-11, 21-22 | No construction necessary<br><br>'803 patent: 10–11, 21–22 | "a design rule check performed using a modified rule deck"<br><br>*Intrinsic Evidence Citations:*<br>'803 patent at 3:18-24, 4:37-47, FIG. 1, FIG. 2, claims 10-11, 21-22; Applicant's 3/16/2007 Response to Office Action (Exhibit D) (BELLSEMIC000387-395 at -389 and -393) |

## B. Agreed Terms

| Claim Terms | Parties' Agreed Construction |
|---|---|
| window<br><br>'626 patent, claims 1–8 | "A rectilinear boundary that encloses an area of the integrated circuit design that is less than the entire area of the integrated circuit design."<br><br>*Intrinsic Evidence Citations:*<br>'626 patent at 3:59-62, 5:18-20, claims 1-8 |

Dated: May 31, 2023

YOUNG CONAWAY STARGATT &TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801

Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
Paul Richter (*pro hac vice*)
Christopher Clayton (*pro hac vice*)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com

| | |
|---|---|
| (302) 571-6600 | prichter@devlinlawfirm.com |
| agaza@ycst.com | cclayton@devlinlawfirm.com |
| pkraman@ycst.com | |
| rvrana@ycst.com | *Attorneys for Defendant* |
| astombaugh@ycst.com | *Bell Semiconductor, LLC* |

*Attorneys for Synopsys, Inc. and Cadence Design Systems, Inc.*

OF COUNSEL:

Krista S. Schwartz
Barrington Dyer
WILLKIE FARR & GALLAGHER LLP
One Front Street
San Francisco, CA 94111
(415) 858-7400
kschwartz@willkie.com
bdyer@willkie.com

Shaimaa Hussein
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
shussein@willkie.com

Aliza George Carrano
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1000
acarrano@willkie.com

*Attorneys for Synopsys, Inc.*

Jeffrey A. Miller

Joseph Palmieri
ARNOLD & PORTER KAYE
SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
(650) 319-4538
jeffrey.miller@arnoldporter.com
joseph.palmieri@arnoldporter.com

Matthew M. Wolf
Jennifer Sklenar
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Cadence Design Systems, Inc.*