# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SYNOPSYS, INC., </br></br> Plaintiff </br></br> v. </br></br> BELL SEMICONDUCTOR, LLC, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) C.A. No. 22-1512-CFC </br> ) </br> ) **REDACTED -** </br> ) </br> ) **PUBLIC VERSION** </br> ) |

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 1 OF NO PRE-COUNTERCLAIM DAMAGES

Dated: September 18, 2023

OF COUNSEL:
Krista S. Schwartz
Barrington Dyer
WILLKIE FARR & GALLAGHER LLP
One Front Street
San Francisco, CA 94111
(415) 858-7400
kschwartz@willkie.com
bdyer@willkie.com

Shaimaa Hussein
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
shussein@willkie.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Synopsys, Inc.*

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 1

II. ARGUMENT ........................................................................................... 1

    A. Legal Standards ............................................................................. 1

    B. Bell Did Not Comply with the Marking Statute ................................. 2

        1. Bell Did Not Require Marking and There is No Evidence Its Licensees Mark .................................................................. 2

        2. Bell Cannot Show Unmarked, Licensed Products Do Not Practice the Asserted Patents ..................................................... 3

    C. Bell did not Timely Identify a Start of the Claimed Damages Period .............................................................................................. 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ............................................................................... 1

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ............................................................. 1, 2, 3, 4

*C R Bard, Inc. v. AngioDynamics Inc.*,
  No. 15-218-JFB, 2018 WL 3130622 (D. Del. June 26, 2018) ............................. 2

*Innovative Memory Sys., Inc. v. Micron Tech., Inc.*,
  No. 14-1480-RGA, 2022 WL 4548644 (D. Del. Sept. 29, 2022) ........................ 2

*Lubby Holdings LLC v. Chung*,
  11 F.4th 1355 (Fed. Cir. 2021) ............................................................................ 1

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Bell Semiconductor, LLC | "Bell" |
| Synopsys, Inc. | "Synopsys" |
| U.S. Patent No. 7,007,259 | "259" |
| U.S. Patent No. 7,149,989 | "989" |
| U.S. Patent No. 7,396,760 | "760" |
| U.S. Patent No. 7,260,803 | "803" |
| U.S. Patent No. 6,436,807 | "807" |
| U.S. Patent No. 7,231,626 | "626" |
| The 989, 259, 803, 760, 807, and 626 patents | "Asserted Patents" |
| Claims 1-4, 6-9, 11-12 of 989; claims 1-22 of 803; claims 1-8 of 626; claims 1-19 of 760; claims 1-34 of 259; and claims 1-8 of 807 | "Asserted Claims" |
| Synopsys' IC Validator, Fusion Compiler, and IC Compiler products | "Accused Products" |
| Omnibus Declaration of Robert M. Vrana in Support of Plaintiff's Motions for Summary Judgement, Motion to Exclude the Expert Testimony of Dr. Kesan, and Motion to Exclude the Expert Testimony of Mr. Berg | "Vrana Decl." |
| Exhibits to the Vrana Decl. | "Ex." |
| Concise Statements of Facts filed in support of each Motion for Summary Judgment | "CSOF" |
| Dr. Jay P. Kesan, Bell's Damages Expert | "Kesan" |
| Mr. John Berg, Bell's Infringement and Invalidity Expert | "Berg" |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Bell cannot claim pre-counterclaim damages as it failed to ensure products that practice the Asserted Patents were marked. Bell admits it did not provide Synopsys with notice before filing infringement counterclaims and Bell further failed to identify the "timing of the point of first infringement, the start of claimed damages, and the end of claimed damages" as required by the Scheduling Order. Summary judgment is warranted.

## II. ARGUMENT

### A. Legal Standards

Under §287(a), a patentee "is entitled to damages from the time when it either began marking its products … or when it actually notified [the alleged infringer] of its infringement." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). If patentee did not mark or provide notice before filing suit, then its complaint marks the date of notice, and patentee is not entitled to pre-suit damages. *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021). Patentee bears the burden of pleading and proving compliance with §287(a). *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366-67 (Fed. Cir. 2017).

A party challenging compliance with §287 "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles.'" *Id.* at 1368. Once the burden of production is met, "patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*

### B. Bell Did Not Comply with the Marking Statute

Bell admits it did not provide Synopsys with notice of infringement before filing counterclaims on May 11, 2023. (CSOF, ¶9.) Thus, Bell cannot recover pre-counterclaim damages because it is a non-practicing entity that has no patent-practicing products, and it cannot show licensed, patent-practicing products were marked, or that there were no such products to mark. Bell asserted system and method claims against Synopsys[1] yet did not require its licensees to mark patent-practicing products. Because there is no material issue of disputed fact, summary judgment is warranted.

#### 1. Bell Did Not Require Marking and There is No Evidence Its Licensees Mark

Bell failed to require its licensees to mark patent-practicing products despite the fact that a "patentee's licensees must also comply with §287." *Arctic Cat*, 876 F.3d at 1366. Nor is there evidence that any licensees have done so, which is fatal to Bell's claim for pre-counterclaim damages. *Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, No. 14-1480-RGA, 2022 WL 4548644, at *14-15 (D. Del. Sept. 29, 2022)(granting MSJ barring recovery of pre-suit damages due to failure to mark).

---

[1] Where a patentee asserts only method claims, marking is not required. *C R Bard, Inc. v. AngioDynamics Inc.*, No. 15-218-JFB, 2018 WL 3130622, at *6 (D. Del. June 26, 2018). Bell asserts system claims from the 259, 803, 626 and 989 patents.

2

Although Bell licensed various companies under the Asserted Patents, those licenses do not require marking. (CSOF, ¶¶2-3.) Nor has Bell presented evidence that licensees mark their products. Both ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ confirmed they do not mark their products with any Bell patent numbers. (CSOF, ¶4.)

### 2. Bell Cannot Show Unmarked, Licensed Products Do Not Practice the Asserted Patents

After Bell filed counterclaims on May 11, 2023, Synopsys notified Bell of unmarked, patent-practicing products—including Siemens' EDA tools, and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇' rule sets and rule decks—satisfying its initial burden of production under *Arctic Cat*. (CSOF, ¶1.) This notification triggered Bell's burden "to prove the products identified do not practice the patented invention." *Arctic Cat*, 876 F.3d at 1368. Bell cannot show that those unmarked, licensed products do not practice the Asserted Patents.

Bell admits the licensed Siemens products practice the 626, 803, 989 and 259 patents. (CSOF, ¶5.) Bell admits its contentions in another action—alleging infringement by Siemens' tools—were correct, meaning Bell admits Siemens' EDA products practice the Asserted Patents. (CSOF, ¶6.) Bell cannot show that Siemens' licensed, unmarked products do not practice the Asserted Patents.

Nor can Bell meet its burden to demonstrate the other licensees identified in Synopsys' *Arctic Cat* letter do not practice the Asserted Patents. ▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3

RPX license," yet it does not mark any of its products. (CSOF, ¶4.) Further, Bell admits it "lacks knowledge" to deny that foundry-provided run sets and rule decks practice the asserted patents. (CSOF, ¶7.) And Bell's experts offer no opinions or analysis as to whether any unmarked, licensed products practice the Asserted Patents. (CSOF, ¶8.)

Bell cannot meet its burden as it has no evidence that the products identified in Synopsys' *Arctic Cat* letter do not practice the Asserted Patents.

### C. Bell did not Timely Identify a Start of the Claimed Damages Period

Bell also failed to identify the "timing of the point of first infringement, the start … and the end of claimed damages" when it served infringement contentions. (D.I. 73, ¶3(h); CSOF, ¶10.) Not until it served expert reports on August 4, 2023 did Bell provide notice it seeks pre-counterclaim damages. (CSOF, ¶ 11.)

Shortly after receiving Bell's infringement contentions, Synopsys notified Bell that it failed to identify the "timing of the point of first infringement, the start … and the end of claimed damages." (CSOF, ¶12.) In this letter, Synopsys expressed its understanding that Bell "will not seek damages prior to May 11, 2023, i.e. the date it served its counterclaims." (*Id.*) Bell did not respond, nor did it amend its contentions to add the alleged "timing of the point of first infringement, the start … and the end of claimed damages." (D.I. 73, ¶3(h); CSOF, ¶13.) Having failed to

4

timely provide its allegations despite notice of the requirement, Bell should not be allowed to pursue pre-counterclaim damages for all six Asserted Patents.

***

Bell is not entitled to pre-counterclaim damages due to its failure to (1) require marking of patent-practicing, licensed products and (2) timely identify the start of claimed damages. The Court should grant summary judgment and limit Bell's damages case to post-counterclaim damages.

| | |
|---|---|
| Dated: September 18, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| OF COUNSEL: | |
| | /s/ Anne Shea Gaza |
| Krista S. Schwartz | Anne Shea Gaza (No. 4093) |
| Barrington Dyer | Pilar G. Kraman (No. 5199) |
| Alex Rhim | Robert M. Vrana (No. 5666) |
| Jacob Karim | Alexis N. Stombaugh (No. 6702) |
| WILLKIE FARR & GALLAGHER LLP | Rodney Square |
| One Front Street | 1000 North King Street |
| San Francisco, CA 94111 | Wilmington, DE 19801 |
| (415) 858-7400 | (302) 571-6600 |
| kschwartz@willkie.com | agaza@ycst.com |
| bdyer@willkie.com | pkraman@ycst.com |
| arhim@willkie.com | rvrana@ycst.com |
| jkarim@willkie.com | astombaugh@ycst.com |
| | |
| Shaimaa Hussein | *Attorneys for Synopsys, Inc.* |
| Devon Edwards | |
| WILLKIE FARR & GALLAGHER LLP | |
| 787 Seventh Avenue | |
| New York, NY 10019 | |
| (212) 728-8000 | |
| shussein@willkie.com | |
| dedwards@willkie.com | |
| | |
| Aliza George Carrano | |
| WILLKIE FARR & GALLAGHER LLP | |
| 1875 K Street, N.W. | |
| Washington, DC 20006 | |
| (202) 303-1000 | |
| acarrano@willkie.com | |

*Attorneys for Synopsys, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief is in Times New Roman 14-point font and contains 1,002 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

| | |
|---|---|
| OF COUNSEL:<br><br>Krista S. Schwartz<br>Barrington Dyer<br>Brandon K. Franklin<br>WILLKIE FARR &<br>GALLAGHER LLP<br>One Front Street<br>San Francisco, CA 94111<br>(415) 858-7400<br>kschwartz@willkie.com<br>bdyer@willkie.com<br>bfranklin@willkie.com<br><br>Shaimaa M. Hussein<br>WILLKIE FARR &<br>GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8000<br>shussein@willkie.com<br><br>Aliza George Carrano<br>WILLKIE FARR &<br>GALLAGHER LLP<br>1875 K Street, N.W.<br>Washington, DC 20006<br>(202) 303-1000<br>acarrano@willkie.com<br><br>Dated: September 18, 2023 | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>/s/ *Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Pilar G. Kraman (No. 5199)<br>Robert M. Vrana (No. 5666)<br>Alexis N. Stombaugh (No. 6702)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>pkraman@ycst.com<br>rvrana@ycst.com<br>astombaugh@ycst.com<br><br>*Attorneys for Synopsys, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL/FTP**
Timothy Devlin
Andrew DeMarco
Paul Richter (*pro hac vice*)
Christopher Clayton (*pro hac vice*)
Jedediah Phillips (*pro hac vice*)
Jason Wejnert (*pro hac vice*)
Adam Woodward (*pro hac vice*)
Johanna Hendriksen (*pro hac vice*)
Clifford Chad Henson (*pro hac vice*)
Lowell Jacobson (*pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Ave.
Wilmington, DE 19806
tdevlin@devlinlawfirm.com
ademarco@devlinlawfirm.com
prichter@devlinlawfirm.com
cclayton@devlinlawfirm.com
jphillips@devlinlawfirm.com
jwejnert@devlinlawfirm.com
awoodward@devlinlawfirm.com
jhendriksen@devlinlawfirm.com
chenson@devlinlawfirm.com
ljacobson@devlinlawfirm.com

BellSemic-DLF-Intl@devlinlawfirm.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Synopsys, Inc.*