# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SYNOPSYS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1512-CFC |
| | ) | |
| BELL SEMICONDUCTOR, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 2 OF NO INDIRECT INFRINGEMENT

Dated: September 18, 2023

OF COUNSEL:

Krista S. Schwartz
Barrington Dyer
WILLKIE FARR & GALLAGHER LLP
One Front Street
San Francisco, CA 94111
(415) 858-7400
kschwartz@willkie.com
bdyer@willkie.com

Shaimaa Hussein
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
shussein@willkie.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Synopsys, Inc.*

## **TABLE OF CONTENTS**

                                                                                      **Page**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 1

II.    ARGUMENT ................................................................................................ 1

        A.     Bell Has No Evidence of Induced Infringement ................................. 1

        B.     Bell Has No Evidence of Contributory Infringement ........................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
  709 F.3d 1348 (Fed. Cir. 2013) .............................................................................1

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).............................................................................................3, 4

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004) .............................................................................4

*E-Pass Techs., Inc. v. 3Com Corp.*,
  473 F.3d 1213 (Fed. Cir. 2007) .............................................................................3

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*,
  909 F.3d 398 (Fed. Cir. 2018) ...........................................................................1, 2

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) .............................................................................4

*Ricoh Co., Ltd. v. Quanta Computer. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008) .............................................................................2

## **TABLE OF ABBREVIATIONS**

| | |
|---|---|
| Bell Semiconductor, LLC | "Bell" |
| Synopsys, Inc. | "Synopsys" |
| U.S. Patent No. 7,007,259 | "259" |
| U.S. Patent No. 7,149,989 | "989" |
| U.S. Patent No. 7,396,760 | "760" |
| U.S. Patent No. 7,260,803 | "803" |
| U.S. Patent No. 6,436,807 | "807" |
| U.S. Patent No. 7,231,626 | "626" |
| The 989, 259, 803, 760, 807, and 626 patents | "Asserted Patents" |
| Claims 1-4, 6-9, 11-12 of 989; claims 1-22 of 803; claims 1-8 of 626; claims 1-19 of 760; claims 1-34 of 259; and claims 1-8 of 807 | "Asserted Claims" |
| Synopsys' IC Validator, Fusion Compiler, and IC Compiler products | "Accused Products" |
| Omnibus Declaration of Robert M. Vrana in Support of Plaintiff's Motions for Summary Judgement, Motion to Exclude the Expert Testimony of Dr. Kesan, and Motion to Exclude the Expert Testimony of Mr. Berg | "Vrana Decl." |
| Exhibits to the Vrana Decl. | "Ex." |
| Concise Statements of Facts filed in support of each Motion for Summary Judgment | "CSOF" |
| Dr. Jay P. Kesan, Bell's Damages Expert | "Kesan" |
| Mr. John Berg, Bell's Infringement and Invalidity Expert | "Berg" |

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should grant summary judgment that Synopsys does not indirectly infringe any of the Asserted Claims. Bell failed to adduce any evidence of direct infringement, much less any direct infringer. While this failure alone dooms its indirect infringement claims, Bell also does not allege Synopsys had the requisite pre-suit knowledge that its actions would lead to infringement, nor identify any evidence that Synopsys supplies a material part of the claimed inventions with no substantial non-infringing use. Therefore, as a matter of law, Bell cannot demonstrate indirect infringement.

## II.   ARGUMENT

### A.   Bell Has No Evidence of Induced Infringement

"In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018)(citation omitted). Bell can show neither direct infringement by Synopsys customers, nor that Synopsys had knowledge that its acts constitute patent infringement.

First, Bell must show "each and every step of the method or process was performed" by a direct infringer. *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game*

*Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013). Even if Bell can show that Synopsys provides instructions on how to use the accused tools to perform infringing methods, the mere sale of software containing instructions to perform a patented method does not directly infringe the patent. *Ricoh Co., Ltd. v. Quanta Computer. Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). Bell, however, provides no evidence Synopsys' customers performed the Asserted Claims and does not identify even a single Synopsys customer who allegedly performed Claims. (CSOF, ¶5; Ex. 18, ¶¶88,168,170,172,174,176,178 (conclusory indirect infringement opinions without identifying any direct infringer).) Indeed, Bell took no discovery of Synopsys' customers. (CSOF, ¶1.)

As Bell's corporate representative confirmed, none of the Asserted Patents are "standard essential patents," and he had no knowledge as to whether any were required to be used to design a semiconductor. (CSOF, ¶4.) Because there is no evidence any third party performed the Asserted Claims, summary judgment is warranted.

Second, "[m]ere knowledge of infringement is insufficient." *Enplas,* 909 F.3d at 408 (citations omitted). Thus, Bell must prove Synopsys "knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" *Id*. Bell cannot show Synopsys had such knowledge. Bell admits it did not give Synopsys actual notice until Bell filed its counterclaims on May 11, 2023. (CSOF, ¶2.) Until then,

Bell denied it accused Synopsys or its products of infringement, nullifying Bell's inducement claim. (CSOF, ¶3.)

Third, Bell's expert does not identify anything that teaches the claimed steps, instead speculating that "a POSITA would more likely than not use the functions by Synopsys … in the manner described by the claims" and generically concluding "Synopsys directly and indirectly infringes the Asserted Claims … through the use, sale and/or offer for sale of" the accused products to perform the claimed steps. (Ex. 19, ¶¶24,45,52,55,58,67.) Speculation is not evidence. *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222 (Fed. Cir. 2007)(judgment warranted where inducement based on speculation a direct infringer exists and manual excerpts do not "teach all of the steps of the claimed method together").

Bell's failure to adduce evidence on issues for which it bears the burden of proof makes judgment appropriate here. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)(once movant identifies absence of evidence, burden shifts to the opposing party to show that summary judgment is not appropriate).

**B.     Bell Has No Evidence of Contributory Infringement**

In order to make out a claim for contributory infringement, the patentee must prove: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component [supplied by the accused infringer] has no substantial noninfringing uses, and 4) that the component is a material part of

the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). Bell cannot meet its burden.

First, Bell has not identified a direct infringer. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004)("[a]bsent direct infringement of the claims of a patent, there can be neither contributory infringement nor inducement of infringement"). Bell has no evidence any Synopsys customer performed the Asserted Claims. Although Bell's expert speculates it is "more likely than not" that some customer used Synopsys' tools to perform the claims, speculation is not evidence and Bell's contributory infringement claims cannot stand.

Second, Bell provides no evidence the Accused Products lack substantial non-infringing use. Bell's expert is silent on this point. Moreover, the Accused Products include features that are unrelated to the general areas of technology to which the Asserted Patents relate. (CSOF, ¶6; Ex. 20, ¶¶38,40,43,183; Ex. 21, ¶85; Ex. 22, ¶¶59-64,107-108.) Absent any evidence that the Accused Products lack substantial non-infringing use, summary judgment is warranted. *Celotex*, 477 U.S. at 323-24.

| | |
|---|---|
| Dated: September 18, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | */s/ Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Pilar G. Kraman (No. 5199) |

4

OF COUNSEL:

Krista S. Schwartz
Barrington Dyer
Brandon K. Franklin
Jacob Karim
WILLKIE FARR & GALLAGHER LLP
One Front Street
San Francisco, CA 94111
(415) 858-7400
kschwartz@willkie.com
bdyer@willkie.com
bfranklin@willkie.com
jkarim@willkie.com

Shaimaa Hussein
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
shussein@willkie.com

Aliza George Carrano
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1000
acarrano@willkie.com

Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Synopsys, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief is in Times New Roman 14-point font and contains 834 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

| | |
|---|---|
| OF COUNSEL:<br><br>Krista S. Schwartz<br>Barrington Dyer<br>Brandon K. Franklin<br>WILLKIE FARR &<br>GALLAGHER LLP<br>One Front Street<br>San Francisco, CA 94111<br>(415) 858-7400<br>kschwartz@willkie.com<br>bdyer@willkie.com<br>bfranklin@willkie.com<br><br>Shaimaa M. Hussein<br>WILLKIE FARR &<br>GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8000<br>shussein@willkie.com<br><br>Aliza George Carrano<br>WILLKIE FARR &<br>GALLAGHER LLP<br>1875 K Street, N.W.<br>Washington, DC 20006<br>(202) 303-1000<br>acarrano@willkie.com<br><br>Dated: September 18, 2023 | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>*/s/ Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Pilar G. Kraman (No. 5199)<br>Robert M. Vrana (No. 5666)<br>Alexis N. Stombaugh (No. 6702)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>pkraman@ycst.com<br>rvrana@ycst.com<br>astombaugh@ycst.com<br><br>*Attorneys for Synopsys, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL/FTP**
Timothy Devlin
Andrew DeMarco
Paul Richter (*pro hac vice*)
Christopher Clayton (*pro hac vice*)
Jedediah Phillips (*pro hac vice*)
Jason Wejnert (*pro hac vice*)
Adam Woodward (*pro hac vice*)
Johanna Hendriksen (*pro hac vice*)
Clifford Chad Henson (*pro hac vice*)
Lowell Jacobson (*pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Ave.
Wilmington, DE 19806
tdevlin@devlinlawfirm.com
ademarco@devlinlawfirm.com
prichter@devlinlawfirm.com
cclayton@devlinlawfirm.com
jphillips@devlinlawfirm.com
jwejnert@devlinlawfirm.com
awoodward@devlinlawfirm.com
jhendriksen@devlinlawfirm.com
chenson@devlinlawfirm.com
ljacobson@devlinlawfirm.com

BellSemic-DLF-Intl@devlinlawfirm.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Synopsys, Inc.*