# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SYNOPSYS, INC., ) | ) |
| Plaintiff, ) | ) |
| v. ) | C.A. No. 22-1512-CFC |
| BELL SEMICONDUCTOR, LLC, ) | PUBLIC VERSION |
| Defendant. ) | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 4 OF NO DIRECT INFRINGEMENT OF U.S. PATENT NOS. 7,396,760; 6,436,807; 7,260,803; 7,007,259 AND 7,231,626**

Dated: September 18, 2023

OF COUNSEL:

Krista S. Schwartz
Barrington Dyer
WILLKIE FARR & GALLAGHER LLP
One Front Street
San Francisco, CA 94111
(415) 858-7400
kschwartz@willkie.com
bdyer@willkie.com

Shaimaa Hussein
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
shussein@willkie.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Synopsys, Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1
II. ARGUMENT ................................................................................................. 1
    A. Synopsys Does Not Infringe the 760 ................................................. 1
    B. Synopsys Does Not Infringe the 807 ................................................. 2
    C. Synopsys Does Not Infringe the 803 ................................................. 4
    D. Synopsys Does Not Directly Infringe the 259 ................................... 5
    E. Synopsys Does Not Infringe the 626 ................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Centricut, LLC v. Esab Grp., Inc.*,
   390 F.3d 1361 (Fed. Cir. 2004) ........................................................................... 1

*Treehouse Avatar LLC v. Valve Corp.*,
   54 F.4th 709 (Fed. Cir. 2022) .............................................................................. 8

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Bell Semiconductor, LLC | "Bell" |
| Synopsys, Inc. | "Synopsys" |
| U.S. Patent No. 7,007,259 | "259" |
| U.S. Patent No. 7,149,989 | "989" |
| U.S. Patent No. 7,396,760 | "760" |
| U.S. Patent No. 7,260,803 | "803" |
| U.S. Patent No. 6,436,807 | "807" |
| U.S. Patent No. 7,231,626 | "626" |
| The 989, 259, 803, 760, 807, and 626 patents | "Asserted Patents" |
| Claims 1-4, 6-9, 11-12 of 989; claims 1-22 of 803; claims 1-8 of 626; claims 1-19 of 760; claims 1-34 of 259; and claims 1-8 of 807 | "Asserted Claims" |
| Synopsys' IC Validator, Fusion Compiler, and IC Compiler products | "Accused Products" |
| Omnibus Declaration of Robert M. Vrana in Support of Plaintiff's Motions for Summary Judgement, Motion to Exclude the Expert Testimony of Dr. Kesan, and Motion to Exclude the Expert Testimony of Mr. Berg | "Vrana Decl." |
| Exhibits to the Vrana Decl. | "Ex." |
| Concise Statements of Facts filed in support of each Motion for Summary Judgment | "CSOF" |
| Dr. Jay P. Kesan, Bell's Damages Expert | "Kesan" |
| Mr. John Berg, Bell's Infringement and Invalidity Expert | "Berg" |

I.  **INTRODUCTION AND SUMMARY OF ARGUMENT**

The Court should grant summary judgment that Synopsys does not infringe the 760, 807, 803, 259 and 626 patents as Bell offers no evidence the Accused Products meet all limitations of the asserted claims as construed.  (CSOF, ¶¶1-3.)

Rather than apply claim constructions to the Accused Products, Bell's expert quotes the constructions and states he "applied the Court's constructions in my analysis as described in my report."  (Ex. 18, ¶¶107,119,136,142,148,166.)  Nowhere, however, does he actually apply the constructions.  Absent expert testimony explaining how the Accused Products meet the construed claims, there is no genuine dispute of material fact precluding summary judgment.  *See Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004).

II. **ARGUMENT**

   A.  **Synopsys Does Not Infringe the 760**

The sole independent claim of the 760 (claim 1) requires "re-arranging a plurality of first dummy fill features and a plurality of second dummy fill features." (CSOF, ¶5.)  The *NXP* court construed this term as "moving a plurality of first dummy fill features and/or a plurality of second dummy fill features from an initial arrangement to a new arrangement."  (*Id.*)  However, Bell presents no evidence the Accused Products move dummy fill features from one arrangement to another.

Rather than apply the construction, Bell's expert quotes the construction, states he "applied the Court's constructions" and does nothing more than repeat the

claim language ("Accused Instrumentalities are used to create a circuit design … created by minimizing overlap by re-arranging a plurality of first and second metal features to be staggered") and cite source code without tying it to any aspect of the construction. (Ex. 18, ¶¶119,170,Ex. B at p.3-4.) Nowhere does his report discuss an initial or a new arrangement, but both are required to meet the construction. Instead, he speculates it is "near certainty that ECOs are implemented during the design process, and the layout is altered (and thus, dummy metal fill is repositioned), [making it] necessary to minimize the resulting overlap." (*Id.*, Ex. B at p.4.) Even if true (it is not), Berg does not show the Accused Products minimize overlap by moving a plurality of fill features from their initial arrangement to a new arrangement as required. (Ex. 25, ¶¶743-744.) Bell has no evidence the Accused Products meet this limitation as construed, making summary judgment appropriate.

B. **Synopsys Does Not Infringe the 807**

Each independent claim of the 807 (1 and 9) requires "adding dummy fill features … the adding comprising ***defining a minimum dummy fill lateral dimension based upon a dielectric layer deposition bias*** for a dielectric layer to be deposited over the interconnect layer." (CSOF, ¶7.) The *NXP* court construed "dielectric layer deposition bias" as "a positive or negative value based on the width of the protrusion in the dielectric material as compared to the width of the underlying

2

active interconnect feature." (CSOF, ¶7.) Bell's expert does not apply this construction.

Again, Berg does nothing more than quote the construction, state he "applied the Court's constructions" and then repeat the claim language ("Accused Instrumentalities are used to create a circuit design … where the addition of dummy fill features comprises defining a minimum dummy fill lateral dimension based upon a dielectric layer deposition bias for a dielectric layer to be deposited over the interconnect layer") and cite source code without tying it to the construction. (Ex. 18, ¶166, Ex. F at [1.c].) Nowhere does he discuss "a positive or negative value based on the width of the protrusion in the dielectric material as compared to the width of the underlying active interconnect feature."

Nor does Bell present evidence Synopsys' products base the width of their dummy fill features on the dielectric layer deposition bias. Berg opines that Accused Products "add dummy fill features by defining a size, spacing, and/or window & density for a dielectric layer to be deposited over the interconnect layer" and source code "define[s] a minimum dummy fill lateral dimension and minimum fill density." (*Id.*) But defining a minimum dummy fill lateral dimension does not satisfy the limitation because it must be **based upon** a dielectric layer deposition bias. And Bell has no evidence the Accused Products know what the dielectric layer deposition bias

3

is, let alone base the dummy fill lateral dimension upon it.  (*Id.*; Ex. 25, ¶¶746-748.) Summary judgment is warranted.

    **C.**    **Synopsys Does Not Infringe the 803**

Both independent claims (1 and 12) of the 803 require "after a portion of the design data is changed, ***performing a check to determine whether any dummy metal objects intersect with any other objects in the design data***; and … deleting the intersecting dummy metal objects from the design data, thereby ***avoiding having to rerun the dummy fill tool***."  (CSOF, ¶6.)  This Court construed "dummy metal/dummy metal objects" as "electrically nonfunctioning metal shapes."  (D.I. 173, p.2.)

Again, Bell presents no evidence Synopsys' products meet these limitations, and Berg does not apply the construction.  Instead, he opines "[a] POSITA would have understood that trimming metal fill that causes shorts or violations first requires determining whether any dummy metal objects intersect other objects in the design data" and "a review of the source code for the Accused Instrumentalities indicates 'DRC' performs a check to determine if there are any abnormalities in the added fill layer."  (Ex. 18, Ex. D at p.2.)  But Berg offers no evidence: (1) Accused Products "trim metal fill" where metal fill is ***electrically nonfunctioning*** metal shapes, (2) DRC checks identify intersections between ***electrically nonfunctioning shapes*** and other circuit objects, (3) DRC checks delete ***electrically nonfunctioning*** metal

4

shapes, or (4) the dummy fill tool won't be rerun after DRC check. By failing to address each, Berg didn't show the Accused Products perform this limitation.

Nor could Berg do so, as the accused "tools simply delete all dummy metal in an area around the ECO without looking to see if any of the dummy metal intersects with other objects in the design." (Ex. 21, ¶¶712-713.) "Synopsys' tools remove all dummy metal from the area around an ECO and then redo the dummy fill around the ECO by 'rerun[ning] the dummy fill tool,'" so they do not avoid rerunning the tool. (*Id.*, ¶¶714-715.) Bell failed to adduce evidence that Synopsys' products practice the 803.

D. **Synopsys Does Not Directly Infringe the 259**

All claims of the 259 require "identifying free spaces on each layer of the circuit design suitable for dummy metal insertion as dummy regions." (CSOF, ¶4.) This was construed as: "creating a list of dummy regions on each layer of the circuit design, obtained from subtracting the outline of circuit objects from tile(s) on which the circuit objects lie, without hard coding a large stay-away distance between dummy metal and clock nets." (CSOF, ¶4.) The sub-term "suitable for dummy metal insertion" was further construed as "dummy metal can be inserted in a manner that minimizes the timing impact to clock nets, while at the same time achieving the minimum density in a single run." (*Id.*)

5

Bell offers no evidence the Accused Products (1) create a list of dummy regions on each layer of the circuit design, (2) by subtracting the outline of circuit objects from the tiles on which those objects lie, (3) without hard coding a large stay-away distance between dummy metal and clock nets, and (4) minimize timing impact to clock nets while aching minimum density *in a single run*. Thus, there is a complete failure of proof under the construction of this limitation.[1]

Berg did not apply the claim construction. Instead, he quotes the construction and alleges to have applied it. (Ex. 18, ¶107.) He refers to claim charts attached to his report (*id.*, ¶169), but the charts fail to discuss *any* of the above-noted four aspects of the construction. Instead, they parrot the claim language ("one or more [unspecified] Synopsys design tools perform a method comprising identifying free spaces on each layer of the circuit design suitable for dummy metal insertion as dummy regions in a similar manner as disclosed above") and cite code without explaining it or tying it to the construction. (*Id.*, Ex. A at [1.a], [18.a], [35.a].) Nowhere does Berg explain how the Accused Products are capable of performing the claims such that they minimize the timing impact to clock nets *and* achieve the minimum density requirement *in a single run*.

---

[1] These requirements also pertain to independent claims 18 and 35, so the absence of evidence extends to all claims.

### E. Synopsys Does Not Infringe the 626

Both independent claims (1 and 5) of the 626 require "performing an incremental routing of the integrated circuit design only for each net in the integrated circuit design that is enclosed by the window." (Ex. 42, 6:65-67,8:4-6.) The parties agreed a "window" is "a rectilinear boundary that encloses an area of the integrated circuit design that is less than the entire area of the integrated circuit design." (Ex. 18, ¶1148.)

Rather than apply this construction, Berg repeats it and states he "applied the Court's constructions." (Ex. 18, ¶148.) But Berg's report does not apply the construction, instead repeating the claim language ("Accused Instrumentalities perform an incremental routing of the integrated circuit design only for each net in the integrated circuit design that is enclosed by the window") and citing source code without tying it to the construction. (Ex. 18, Ex. E at 1(d).) Although Berg opines "a review of the source code … indicates the Accused Instrumentalities perform changes in the ECO area discussed above" (*id.*), that does not address whether the accused products perform incremental routing ***only for the nets enclosed by the window*** as the 626 requires. (Ex. 42, 6:65-67,8:4-6.) Bell has a failure of proof. Nor can Bell adduce evidence on this point, as Synopsys' products "do not restrict incremental routing to a window enclosing an ECO." (Ex. 22, ¶¶566-567.)

\*\*\*

7

Bell's failure to offer any evidence of infringement under the claims as construed mandates a finding of summary judgment on these five patents. *See Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 711 (Fed. Cir. 2022).

Dated: September, 18, 2023

OF COUNSEL:

Krista S. Schwartz
Barrington Dyer
Brandon K. Franklin
Jacob Karim
WILLKIE FARR & GALLAGHER LLP
One Front Street
San Francisco, CA 94111
(415) 858-7400
kschwartz@willkie.com
bdyer@willkie.com
bfranklin@willkie.com
jkarim@willkie.com

Shaimaa Hussein
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
shussein@willkie.com

Aliza George Carrano
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1000
acarrano@willkie.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Synopsys, Inc.*

8

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief is in Times New Roman 14-point font and contains 1,673 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| Krista S. Schwartz<br>Barrington Dyer<br>Brandon K. Franklin<br>WILLKIE FARR &<br>GALLAGHER LLP<br>One Front Street<br>San Francisco, CA 94111<br>(415) 858-7400<br>kschwartz@willkie.com<br>bdyer@willkie.com<br>bfranklin@willkie.com<br><br>Shaimaa M. Hussein<br>WILLKIE FARR &<br>GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8000<br>shussein@willkie.com<br><br>Aliza George Carrano<br>WILLKIE FARR &<br>GALLAGHER LLP<br>1875 K Street, N.W.<br>Washington, DC 20006<br>(202) 303-1000<br>acarrano@willkie.com | /s/ Anne Shea Gaza<br>Anne Shea Gaza (No. 4093)<br>Pilar G. Kraman (No. 5199)<br>Robert M. Vrana (No. 5666)<br>Alexis N. Stombaugh (No. 6702)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>pkraman@ycst.com<br>rvrana@ycst.com<br>astombaugh@ycst.com<br><br>*Attorneys for Synopsys, Inc.* |

Dated: September 18, 2023

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL/FTP**
Timothy Devlin
Andrew DeMarco
Paul Richter (*pro hac vice*)
Christopher Clayton (*pro hac vice*)
Jedediah Phillips (*pro hac vice*)
Jason Wejnert (*pro hac vice*)
Adam Woodward (*pro hac vice*)
Johanna Hendriksen (*pro hac vice*)
Clifford Chad Henson (*pro hac vice*)
Lowell Jacobson (*pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Ave.
Wilmington, DE 19806
tdevlin@devlinlawfirm.com
ademarco@devlinlawfirm.com
prichter@devlinlawfirm.com
cclayton@devlinlawfirm.com
jphillips@devlinlawfirm.com
jwejnert@devlinlawfirm.com
awoodward@devlinlawfirm.com
jhendriksen@devlinlawfirm.com
chenson@devlinlawfirm.com
ljacobson@devlinlawfirm.com

BellSemic-DLF-Intl@devlinlawfirm.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Synopsys, Inc.*