IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SYNOPSYS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 22-1512-CFC |
| BELL SEMICONDUCTOR, LLC., | |
| Defendant. | |

Anne Shea Gaza, Pilar G. Kraman, Robert M. Vrana, Alexis N. Stombaugh, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Krista S. Schwartz, Barrington Dyer, Brandon K. Franklin, WILLKIE FARR & GALLAGHER LLP, San Francisco, California; Shaimaa Hussein, WILLKIE FARR & GALLAGHER LLP, New York, New York; Aliza George Carrano, WILLKIE FARR & GALLAGHER LLP, Washington D.C.

*Counsel for Plaintiff Synopsys, Inc.*

Timothy Devlin, Paul Richter, Jason Wejnert, Jedediah Phillips, Lowell Jacobson, Clifford Chad Henson, Christopher Clayton, Andrew DeMarco, Adam Woodward, Johanna Hendriksen, DEVLIN LAW FIRM LLC, Wilmington, Delaware

*Counsel for Defendant Bell Semiconductor, LLC.*

**MEMORANDUM OPINION**

December 6, 2023
Wilmington, Delaware

                                          *Colm F. Connolly*
                                          COLM F. CONNOLLY
                                          CHIEF JUDGE

      Plaintiff Synopsys, Inc. (Synopsys) initiated this action with the filing of a Complaint for Declaratory Judgment (D.I. 1), by which it seeks a judgment that it does not directly or indirectly infringe six patents owned by Defendant Bell Semiconductor, LLC (BS) and that the six patents are invalid and unenforceable. The six patents (the Patents-in-Suit) are: U.S. Patent Nos. 7,007,259 (the #259 patent), 6,436,807 (the #807 patent), 7,396,760 (the #760 patent), 7,260,803 (the #803 patent), 7,231,626 (the #626 patent), and 7,149,989 (the #989 patent). D.I. 1 ¶ 1.

      BS filed with its Answer counterclaims alleging that Synopsys directly infringes the Patents-in-Suit and induces others to infringe five of the Patents-in-Suit (i.e., all but the #807 patent). *Compare* D.I. 74 ¶¶ 22–32 (alleging only direct infringement of the #807 patent), *with* D.I. 74 ¶¶ 14–19 (alleging direct and induced infringement of the #259 patent); ¶¶ 40–45 (alleging direct and induced infringement of the #803 patent); ¶¶ 55–60 (alleging direct and induced infringement of the #989 patent); ¶¶ 70–75 (alleging direct and induced infringement of the #626 patent); ¶¶ 84–89 (alleging direct and induced infringement of the #760 patent). BS does not allege that Synopsys is guilty of contributory infringement.

Pending before me is Synopsys' Motion for Partial Summary Judgment No. 2 of No Indirect Infringement. D.I. 193.

## I.

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989). When a party "seeks a declaratory judgment against a patentee to establish that there is no infringement, the burden of proving infringement remains with the patentee." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 193–94 (2014).

## II.

Synopsys states in its motion that it "respectfully moves the Court for an order granting summary judgment of no indirect infringement of U.S. Patent Nos.

2

7,007,259, 7,149,989, 7,396,760, 7,260,803, 6,436,807, and 7,231,626," that is, all the Patents-in-Suit. D.I. 193 at 1. It also requests in the motion "that this Court grant th[e] motion and enter an order substantially in the form attached" to the motion. D.I. 193 at 1. The attached proposed order states in relevant part that "IT IS HEREBY ORDERED that the motion is GRANTED." D.I. 193 at 3. Synopsys states in the motion that "[t]he grounds for th[e] motion are set forth in the accompanying opening brief, concise statement of facts, and the declaration and exhibits, filed concurrently with th[e] motion." D.I. 193 at 1.

The body of the opening brief filed by Synopsys consists of four pages. The opening sentence of the first page states that "[t]he Court should grant summary judgment that Synopsys does not indirectly infringe any of the Asserted Claims." D.I. 195 at 1. Nowhere in the four pages is the term "Asserted Claims" defined. Nor is there any mention in the four pages of any of the six Patents-in-Suit. Thus, I assumed when I read the opening brief that "Asserted Claims" referred to all the claims of the six Patents-in-Suit listed in the motion. After reading the answering and reply briefs and conferring with my law clerk, however, I realized that a "Table of Abbreviations" attached to Synopsys' opening brief defines "Asserted Claims" to be a subset of the claims of the Patents-in-Suit. (No mention of the Table of Abbreviations is made in the body of the opening brief.) I will therefore

3

deny the motion insofar as it seeks a judgment of no indirect infringement of the six Patents-in-Suit.

I could have, and arguably should have, ended my review of the motion at that point. Synopsys is a sophisticated company with vast resources. According to its website, it has over 19,000 employees and generates more than $5 billion in revenue per year. And it is represented in this case by a large team of lawyers from two sophisticated firms who are presumably being very well compensated to litigate this case. If counsel see fit not to take the time to make their motion and briefing consistent and choose not to make readily clear in their briefing exactly what form of relief Synopsys is seeking, why should the Court with its limited resources do counsel's work and connect the proverbial dots? But having read BS's answering brief and seen that BS's arguments are patently meritless, I decided the better course here was to treat the motion as a request for summary judgment of no infringement of the "Asserted Claims" as defined in the Table of Abbreviations.[1]

---

[1] The Table of Abbreviations defines "Asserted Claims" as claims 1–34 of the #259 patent; claims 1–19 of the #760 patent; claims 1–22 of the #803 patent; claims 1–8 of the #626 patent; 1–4, 6–9, 11–12 of the #989 patent; and claims 1–8 of the #807 patent.

4

## III.

Synopsys makes two arguments in its opening brief. It argues first that BS "has no evidence of induced infringement." D.I. 195 at 1. This argument has two prongs. According to Synopsys: One, there is no evidence of induced infringement because BS has "provide[d] no evidence [that] Synopsys' customers performed the Asserted Claims and does not identify even a single Synopsys customer who allegedly performed [the Asserted] Claims"; and, two, BS "cannot show that Synopsys had . . . knowledge" of the asserted patents or that Synopsys' "induced acts constitute[d] patent infringement." D.I. 195 at 2 (internal quotation marks omitted).

Synopsys' second argument—even though BS has not accused Synopsys of contributory infringement—is that BS "has no evidence of contributory infringement" and that "[BS's] contributory infringement claims cannot stand." D.I. 195 at 3.

I need address only the first prong of Synopsys' first argument—i.e., that BS has adduced no evidence that a Synopsys customer directly infringed the Asserted Claims. Liability for indirect infringement "is dependent upon the existence of direct infringement" and thus, "[t]here can be no inducement [of infringement] . . . without an underlying act of direct infringement." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) (internal

5

quotation marks and citation omitted). To demonstrate direct infringement, "the patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1364 (Fed. Cir. 2012) (internal quotation marks and citation omitted). Although direct infringement can be proven circumstantially, the "[c]ircumstantial evidence must show that at least one person directly infringed an asserted claim during the relevant time period." *Id.* at 1364. BS insists that it has produced "ample circumstantial evidence" of direct infringement of the Asserted Claims by Synopsys' customers. D.I. 261 at 1. But in support of its position, it cites only two things, neither of which constitutes admissible evidence of direct infringement of the Asserted Claims by a Synopsys customer.

    BS first cites certain correspondence between Synopsys and one of Synopsys' customers, Kioxia. BS says that the correspondence "*identifies* Kioxia's use of Synopsys' [accused] tool *and [Kioxia's] infringement by that use* and requests indemnity." D.I. 261 at 2 (emphasis added). This slippery assertion is, unfortunately, typical of what I have seen from BS's lawyers in this case. It is true that Kioxia requests in the cited correspondence that Synopsys indemnify Kioxia for its defense against accusations of infringement made by BS. But to say that the correspondence "identifies" infringement by Kioxia is the type of tricky (i.e., not to be trusted) language I have seen too often from BS's law firm.

6

To identify something is to perceive or state the identity of that thing, *see Identify*, https://www.merriam-webster.com/dictionary/identify [https://perma.cc/7S25-RCF5] (defining "identify" as, among other things, "to perceive or state the identity of (someone or something)"); and "identity" is "the condition of being the same with something described or asserted," *Identity*, https://www.merriam-webster.com/dictionary/identity [https://perma.cc/XCA7-TPHT]. In the cited correspondence, neither Synopsys nor Kioxia states, admits, describes, asserts, or otherwise acknowledges (explicitly or implicitly) that Kioxia infringed any claim of any of the Patents-in-Suit. Rather, Kioxia states in the correspondence that *BS accused it of infringement* (and, for that matter, of infringement of only four of the Patents-in-Suit) and asks Synopsys to indemnify Kioxia to defend itself against that accusation. *See* D.I. 267-4.

BS next cites the declarations of Lloyd Linder and Dhaval Brahmbhatt, neither of whom submitted an expert report or were disclosed as an expert in this case. *See* D.I. 274-1 (Bell's Rule 26(A)(1) initial disclosures). BS never explains in its answering brief who Messrs. Linder and Brahmbhatt are or what they said in their declarations. Indeed, here is the entirety of BS's argument that the declarations of these two individuals show direct infringement by a Synopsys customer:

> The Linder and Brahmbhatt declarations produced by
> Synopsys to Bell from Synopsys's customers provide

7

                    ample evidence of Synopsys's customers direct
                    infringement of the claimed methods. Ex. 1, Ex. 4.
                    CSUF ¶4.

D.I. 261 at 3.

The Exhibit 1 cited by BS is an 84-page document docketed by BS as D.I. 267-2. (Mr. Devlin, who signed BS's brief, is a regular practitioner in this Court and should be aware of the longstanding requirement of this Court that all citations be pinpoint. The Scheduling Order in this case expressly provides that "[t]he Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority." D.I. 73 at 10 (citing *United States v. Dunkel*, 921 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).) The document is a copy of a one-count patent infringement complaint filed *by BS* against Kioxia in the Eastern District of California in April 2022 and the four exhibits BS attached to that complaint. BS alleged in the sole count of that complaint that Kioxia infringed the #259 patent—i.e., *one* of the six Patents-in-Suit. One of the exhibits to the complaint is a declaration made by Lloyd Linder "*on behalf of*" BS. D.I. 267-2 at 47 (emphasis added). Mr. Linder offers in the declaration his opinion that Kioxia infringes the #259 patent. Needless to say, a self-serving declaration made on behalf of BS by Mr. Linder outside of this Court is paradigmatic hearsay and does

8

not constitute admissible evidence of Kioxia's infringement of the #259 patent, let alone infringement of the five other patents not mentioned in Mr. Linder's declaration. *See generally* Fed. R. Evid. 801(c), 802. Moreover, since Mr. Linder was not designated as an expert in this case, his opinion "cannot be converted into admissible form" and therefore cannot defeat summary judgment. *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 362 F. Supp. 3d 226, 234 (D. Del. 2019).

The Exhibit 4 cited by BS in its answering brief is a 34-page document docketed by BS in this action as D.I. 267-5. It consists of a declaration and CV of Mr. Brahmbhatt. The declaration was originally filed with the International Trade Commission in October 2022 "*on behalf of*" BS. D.I. 267-4 at 2 (emphasis added). Mr. Brahmbhatt offers in the declaration an opinion that "the Cadence tool suite" infringes the #760 patent. D.I. 267-4 at 29. BS does not say in its briefing that Cadence, who reached a settlement with BS and is no longer a party to this action, *see* D.I. 172, was or is a customer of Synopsys; but in any event, here again, the self-serving declaration made by Mr. Brahmbhatt on behalf of BS in an ITC proceeding is classic hearsay that does not constitute admissible evidence of a Synopsys customer's infringement of the #760 patent, let alone of the five other Patents-in-Suit not mentioned in Mr. Brahmbhatt's declaration.

Finally, the CSUF [i.e., Concise Statement of Undisputed Facts] ¶ 4 cited in BS's answering brief (D.I. 261 at 3) does not exist. BS's CSUF has only three

paragraphs. *See* D.I. 267. None of those paragraphs or the documents cited in those paragraphs constitute admissible evidence that a Synopsys customer infringed any of the Asserted Claims.

Having failed to cite any evidence—admissible or inadmissible—from which a rational jury could conclude that a Synopsys customer directly infringed any of the Asserted Claims of four of the Patents-in-Suit and having failed to cite any admissible evidence from which a rational jury could conclude that a Synopsys customer directly infringed any of the Asserted Claims of the other two Patents-in-Suit, I will grant Synopsys' motion for summary judgment No. 2 insofar as it seeks a judgment of no infringement of the Asserted Claims. And because BS's arguments were so obviously devoid of merit, I will also entertain a motion for attorney fees under 35 U.S.C. § 285.

\* \* \* \*

The Court will issue an Order consistent with this Memorandum Opinion.